IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ZOYA COMPANY, et al., | ) | CASE NO.: 1:11-CV-01702 |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS FOR LACK OF PERSONAL** |
| JULEP NAIL PARLOR COMPANY, | ) | **JURISDICTION** |
| | ) | |
| Defendant. | ) | |

The Defendant, Julep Nail Parlor Company ("Julep"), pursuant to Civ. R. 12, hereby moves the Court for an order dismissing the instant suit. The Court lacks personal jurisdiction over Julep, and the Plaintiffs fail to show that this Court can exercise personal jurisdiction over Julep consistent with Ohio's long-arm statute or the Due Process Clause. For this reason, as described more fully below, Julep respectfully requests dismissal. A memorandum in support and supporting declaration are attached hereto and fully incorporated by reference.

Respectfully submitted,

/s/ GEORGE H. CARR
GEORGE H. CARR (0069372)
MARK D. THOMPSON (0086002)
GALLAGHER SHARP
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
Telephone: (216) 241-5310
Facsimile: (216) 241-1608
gcarr@gallaghersharp.com
mthompson@gallaghersharp.com
*Attorneys for Defendant Julep Nail Parlor Company*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Motion to Dismiss* was electronically filed with the Court on October 10, 2011. Notice of this filing will be sent to all counsel of record and/or parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's electronic case filing system.

        Respectfully submitted,

        /s/ GEORGE H. CARR_____
        GEORGE H. CARR (0069372)
        MARK D. THOMPSON (0086002)
        *Attorneys for Defendant*
        *Julep Nail Parlor Company*

## MEMORANDUM IN SUPPORT

I.  INTRODUCTION

This matter arises out of the alleged infringement of the Plaintiffs' pattern for labeling colors of nail polish. Plaintiffs claim they own common-law trademark rights in the use of female names, such as "Salma" and "Gweneth," to identify specific nail polish colors. Plaintiffs further claim that Julep impermissibly uses this labeling pattern and some of the individual female names it uses, to the detriment of the Plaintiffs.

The potential merits of these claims aside, this Court lacks personal jurisdiction over Julep. Julep is based in Washington state, and its only "contact" with Ohio is through operation of an Internet website accessible to the general public. Julep has sold less than $1000 worth of goods in Ohio, less than 0.1% of its company-wide revenues. Consequently, this Court should dismiss the plaintiffs' claims against Julep for lack of personal jurisdiction.

II. STATEMENT OF FACTS

The Plaintiffs, Zoya Company and Art of Beauty, Inc. ("Plaintiffs"), are an Ohio-based company that sells cosmetic and spa related products. (Complaint at ¶ 1.) As part of their marketing tactics, Plaintiffs claim they brand individual nail polish colors with female names such "Salma" and "Gweneth," to name a few. (Id. at ¶¶ 3, 34.) Plaintiffs now claim that the Defendant, Julep Nail Parlor Company ("Julep"), copied its female nail polish names and used them to sell its competing nail polish products. (Id. at ¶ 5.)

Julep is a foreign corporation, operating out of Washington State with its principal place of business in Seattle, Washington. (Id. at ¶ 11.) Julep's only connection with the state of Ohio is its operation of a website. (Declaration of Jane Park at ¶ 9, attached hereto as Exhibit A).

Julep is not licensed as a foreign corporation in Ohio, nor has it appointed a statutory agent for service in Ohio. (Park Dec. at ¶¶ 2-3.)

The Plaintiffs claim that Julep markets and sells the accused nail polish products through its website. (Complaint at ¶ 7.) Plaintiffs claim this Court can properly exercise personal jurisdiction over Julep based solely on Julep's operation of this website, through which individuals can purchase Julep products. (Id. at ¶ 15.) However, Julep's website is an insufficient basis by which to exercise personal jurisdiction over Julep.

Plaintiffs claim that Julep has sold a "substantial amount" of products through its website to Ohio customers. (Id.) A true account of the items sold to Ohio customers tells a different tale. As an initial matter, Julep sold no goods to Ohio customers until May of 2011, when its website was updated and re-launched. (Park Dec. ¶ 5.) Since that time, Julep's sales to Ohio customers total $946.60 - well under .5% of Julep's total company-wide revenues. (Id. ¶ 6.) This number drops even further when filtered for sales of the accused nail polish, which total less than $400.00 of Julep's $2.5 million in total revenue. (Id. ¶¶ 7-8.)

Julep is a Seattle-based company. It does not direct any marketing efforts to Ohio consumers and, despite their availability on the nationally accessible Internet, Julep has no expectation of selling any of its products to Ohio consumers, and has sold no products to Ohio customers through any other means. (Id. ¶¶ 10-11.) Julep's sales to Ohio consumers are a happy accident as a result of the Internet's wide-spread accessibility and are not due to any efforts by Julep to target Ohio wallets. Personal jurisdiction over Julep does not exist based on these facts.

## III. LAW AND ARGUMENT

### A. Legal Standard: Fed. R. Civ. P. 12 – Lack of Personal Jurisdiction.

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Matrix Essentials, Inc. v. Harmon Stores, Inc.*, 205 F.Supp. 2d 779, 783 (N.D. Ohio 2001), *citing American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). To determine whether personal jurisdiction exists over a non-resident defendant, federal courts apply the law of the forum state, subject to the Constitutional limits of due process. *CompuServe v. Patterson*, 89 F.2d 1257, 1262 (6th Cir. 1996); *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

Once a defendant challenges a trial court's jurisdiction with a motion to dismiss, the plaintiff bears the burden of establishing that the trial court has jurisdiction over that defendant. *Womer Benjamin v. KPMG Barbados*, 2005 Ohio 1959. Courts must ascertain whether a non-resident is transacting business in Ohio on a case by case basis. *U. S. Sprint Communications Company v. Mr. K's Foods, Inc.* 68 Ohio St. 3d 181, 185 (1994).

Under Ohio law, the determination of whether this Court has personal jurisdiction over a defendant involves a two step process: 1) whether Ohio's long-arm statute, R.C. §2307.382, and Civil Rule 4.3(a) confer personal jurisdiction and, if so, 2) whether exercising personal jurisdiction would deprive a non-resident defendant of the right to due process of law under the 14th Amendment of the United States Constitution. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232 (1994). Personal jurisdiction is only valid if it meets both requirements. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). As a practical matter, however, the "essential inquiry is whether minimum contacts are satisfied so as not to offend the 'notion of fair play" and substantial justice." *Id*.

B.  **Ohio's Jurisdictional Test Is Not Satisfied**

Julep's almost non-existent activity in Ohio does not submit it to jurisdiction by Ohio's long-arm statute, R.C. 2307.382, which states in relevant part: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's [t]ransacting any business in this state; [or] [c]ontracting to supply services or goods in this state."

It must be noted that activity that is considered "transacting any business" and "contracting to supply services or goods" is not as broad as it may first appear.

> Ohio state courts have rejected the argument that the court may exercise jurisdiction over a defendant merely because the defendant places a product unto the stream of commerce that may foreseeably flow into Ohio. The non-resident defendant must do some act or consummate some transaction in the forum. The question is not whether the transaction created an impact on Ohio commerce but whether the non-resident transacted business in Ohio.

*Hoover Co. v. Robeson Indus. Corp.,* 904 F. Supp. 671, 674 (N.D. Ohio 1995). Here, Julep placed its accused product into the stream of commerce, to be sure, but never took steps to focus its sales efforts on Ohio. And its sales in response to Internet website orders, amounting to less than $1000 of its $2.6 million in revenue, do not constitute the "transaction of business" in Ohio.

The statutory phrase "transacts any business" "has given rise to a multitude of cases which have reached their results on highly particularized fact situations, thus rendering any generalization unwarranted." *U.S. Sprint Communications Co., Limited Partnership v. Mr. Kay's Foods, Inc.*, 68 Ohio St. 3d 181, 185 (1994). Whether a non-resident's activities amount to "transacting business" is determined on a case-by-case basis. *Sprint, supra*, at 185. For instance, in *Davis v. Spriggs*, 2010 Ohio 5802, a defendant who constructed a website that required Ohio

residents to first pay a membership fee before they could view images through it, had "transacted business" in Ohio. *Id.* at ¶58.

Here, Julep has not "transacted business" in Ohio: its website requires no membership fee to view, and its website shopping-cart sales orders do not transact business in Ohio under the long-arm statute. "A contract with an out-of-state resident, standing alone, is insufficient to establish minimum contacts." *Epic Communs., Inc. v. Progressive Communs., Inc.,* No. 1:07CV3243, 2008 U.S. Dist. LEXIS 35737, *8-9 (N.D. Ohio Apr. 30, 2008). Further, Julep's internal activities in labeling and marketing its nail polish products that form the crux of Plaintiffs' claims here, see ECF #1 at ¶33 (Julep "copied Zoya's Marks and uses them on the same goods – nail polishes – as does Zoya"), ¶31 (Julep is "using names and trademarks in association with nail polishes that are the same or confusingly similar to Zoya's use of names"), all occurred in Washington state, at Julep's offices there. Only after these challenged activities were completed in Washington, were the resulting accused products listed on Julep's Internet website, where they are in the stream of commerce and could foreseeably be purchased by Ohio residents. Accordingly, Ohio's long-arm statute does not confer jurisdiction. *Accord Nat'l City Bank v. Yevu*, 178 Ohio App. 3d 382, 386 (2008) (finding no jurisdiction under long-arm statute where contract in suit involved Ohio resident, but all other activity took place out of state); *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 512 (6th Cir. Ohio 2006) (no minimum contacts when contracts and payments thereunder were only dealings between parties). *Cf. Kentucky Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St. 3d 73, 76 (1990) (finding party "transacted business" when it actively negotiated contract terms with an Ohio resident).

## C. The Due Process Clause Is Not Satisfied

Even assuming *arguendo* that Julep's dealings with Ohio residents could be held to satisfy the conditions of Ohio's long-arm statute, the Due Process Clause still prevents Julep from being haled into court in Ohio. That Clause prevents defendants from being forced to defend in a far-away forum when "minimum contacts" with that forum are not present.

Personal jurisdiction over a defendant may be general or specific in nature. General jurisdiction may be found where a defendant has shown to have conducted "continuous and systematic" activities within the subject state. *Perkins v. Benguet Consol. Mining Company*, 342 U.S. 437, 444-445 (1952). This is clearly not the case here, as Julep is an out-of-state entity that does not regularly conduct business in Ohio. Thus, Plaintiffs here must establish specific jurisdiction.

> Specific personal jurisdiction is established when (1) the non-resident defendant has purposefully availed itself of the privilege of conducting activities in the forum state; (2) the plaintiffs claims arise out of those activities directed at the forum state; and (3) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. "The constitutional touchstone is whether the nonresident defendant purposely established contacts in Ohio so that the defendant should reasonably anticipate being haled into court there."

*EnQuip Techs. Group, Inc. v. Tycon Technoglass, S.r.l.*, 2010 Ohio 28, ¶75 (citations omitted). Here, Julep has not "purposefully availed itself of the privilege" of doing business in Ohio; it simply offered its products for sale through the Internet, and never took any steps to focus its business activities in Ohio. As described above, the mere formation of contracts with Ohio residents is insufficient to constitute minimum contacts, and it cannot be said in this day and age that constructing an Internet website is a specific availment of the privilege to do business in any particular state.

In fact, when considering jurisdictional questions that arise from Internet-based activity, the "Zippo Sliding Scale" states that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo DOT Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). The Sixth Circuit has broken this down into three levels of interactivity to use in determining whether an operator of a website purposefully availed himself of the forum state. These levels are: (1) passive sites that only offer information for the user to access; (2) active sites that clearly transact business and/or form contracts; and (3) hybrid or interactive sites that allow users to exchange information with the host computer. Purposeful availment is shown if the website is interactive to a degree that reveals specifically intended interaction with residents of the state. *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 Fed. Appx. 518, 522 (6th Cir. 2006); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002).

Here, Julep's Internet website, www.julep.com, is not passive; while its visitors can certainly view passive content, such as beauty tips and information about Julep's Seattle salons, they can also subscribe to a mailing list and/or purchase goods from the site. However, Julep's website does not engage in the "knowing and repeated" transmission of files, nor does it "specifically intend" to interact with visitors in Ohio.

In the similar case of *McGill Tech Ltd. v. Gourmet Techs, Inc.,* 300 F. Supp. 2d 501 (E.D. Mich. 2004), the defendant's website was considered "interactive" under the Zippo Sliding Scale, just as Julep's should be. That website allowed the purchase of products, by providing payment and shipping information. *Id.* at 507. The defendant admitted it shipped $4,000 worth of items to Michigan, which were unrelated to the plaintiff's claims, and constituted less than .25%

9

of the defendant's annual sales. *Id.* Finding that the defendant had not submitted to the jurisdiction of Michigan, the court stated:

> To subject a nonresident corporate defendant. . . to suit in [in a foreign forum] solely on the basis of a minuscule number of e-commerce sales that are unrelated to the cause of the plaintiff's alleged injury would, we think, render established jurisdictional boundaries meaningless. Furthermore, other organizations that operate websites accessible to online purchasers would be deprived of the ability to predict with any certainty where they would be subject to suit. Accordingly, we agree with the district court that the exercise of personal jurisdiction over [Defendant] in this case would be inconsistent with traditional fairness considerations.

*Id.* at 508. Just as in *McGill*, Julep has made a miniscule number of e-commerce sales to Ohio, and they are unrelated to the claims made in the instant suit, that Julep's Seattle officers have adopted a naming pattern that infringes on Plaintiffs' common-law trademarks.

Furthermore, Plaintiffs are unable to present evidence that Julep "specifically intended" to interact with Ohio residents. In *Cadle Co. v. Schlichtmann*, No. 4:03CV2151, 2004 U.S. Dist. LEXIS 29015 (N.D. Ohio Jan. 14, 2004), the Northern District of Ohio dismissed the claims against a website operator for lack of personal jurisdiction because the website's intended audience were residents of Massachusetts rather than residents of Ohio. *Id*. Federal courts routinely hold that the forum state's market must be *specifically* targeted by the website operator for a court to exercise personal jurisdiction over the defendant. *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible form the forum state, a defendant must in some way *target* the forum state's market.") (Emphasis in original).[1] Julep directs no marketing campaigns or otherwise makes an effort to sell its products

---

[1] See also *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002); *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 360-61 (S.D.N.Y. 2009); *Gather, Inc. v. Gatheroo, LLC*, 443 F. Supp. 2d 108, 115-16 (D. Mass. 2006). If the defendant merely operates a website, even a "highly interactive" website, that

to Ohio residents. Sales to Ohio residents totaling less than $1,000 when company-wide revenues exceed $2.6 million establishes that Ohio customers are not specifically targeted by Julep's company officers.

Accordingly, the instant suit does not comport with the Due Process Clause restrictions on personal jurisdiction, as Plaintiffs have not adequately demonstrated that Julep's actions have a sufficient connection to the forum to make the exercise of jurisdiction reasonable.

## IV. CONCLUSION

In bringing suit against Julep, Plaintiffs have not satisfied the requirements of Ohio's long-arm statute, nor have they demonstrated sufficient "minimum contacts" to satisfy the Due Process Clause. For the foregoing reasons, as described above, Julep respectfully requests that the Court grant its motion to dismiss for lack of personal jurisdiction.

---

is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution. *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011); See also *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 394-95, 401 (4th Cir. 2003); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349-50, 339 U.S. App. D.C. 332 (D.C. Cir. 2000); *Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1370-71, 1377-78 (N.D. Ga. 2009); *Minnesota Public Radio v. Virginia Beach Educational Broad-casting Foundation*, 519 F. Supp. 2d 970, 976, 979 (D. Minn. 2007).