UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZOYA CO., et al., | ) | CASE NO. 1:11 CV 1702 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MINUTES OF TELECONFERENCE** |
| | ) | and |
| JULEP NAIL PARLOR CO., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On October 9, 2014, Plaintiffs Zoya Co. and Art of Beauty, Inc. (collectively, "Zoya") filed Plaintiffs' Motion to Enforce Settlement (**Doc #: 23**). Therein, Zoya asserted that Defendant Julep Nail Parlor Co. ("Julep") was breaching the parties' Settlement Agreement,[1] executed more than two years ago, by using nail polish names that consist of a single female name alone without "category" names; and by using only four category names on some products despite the provisions requiring it to use and maintain at least five category names. (Doc. 23-1 at 1.) As such, Zoya asked the Court to prohibit Julep from using only a single female name when naming its nail polishes, and to order Julep to use and maintain at least five category names adjacent to any female-named polishes. (See Doc #: 23-2 at 1.) Finally, Zoya asked the Court to order Julep to remove all references to nail polish names using female names alone, without categories, from other entities' websites. (Id.) After reviewing the Motion, the Court directed Julep to file a response brief, and the Court scheduled a teleconference to address the matter on October 16, 2014.

---

[1]The Settlement Agreement at issue is located at Doc #: 23-4.

On October 15, 2014, Julep filed a response brief arguing, among other things, that the Court had no jurisdiction over the May 2012 Settlement Agreement because the Court did not expressly reserve jurisdiction to enforce that Agreement and parties cannot confer federal jurisdiction on the Court by agreement.  (Doc #: 24.)

In preparing for the teleconference, the Court reviewed the record in this case.  The record shows that the complaint, filed on August 15, 2011, alleged claims for trademark and Ohio Deceptive Practices Act violations, unfair competition and unjust enrichment.  (Doc #: 1.)  At the Case Management Conference held on January 17, 2012, the Court engaged the parties in settlement discussions, mediated a settlement, and issued a Stipulated Dismissal Entry expressly noting, "The Court retains jurisdiction over the settlement agreement." (Doc #: 14.)

Three months later, the parties filed cross-motions for enforcement of the settlement agreement.  (Doc ##: 15, 16.)  At a settlement conference held on May 30, 2012, the parties reached a settlement that was significantly different than the settlement over which the Court presided five months earlier, in January 2012.  As a result, the Court issued a non-document Minutes entry which stated, "Settlement Conference held on 5/30/12.  Case resolved."  (5/30/12 Minutes of Proceedings.)  The parties filed a "Stipulated Withdrawal of Opposing Motions to Enforce Settlement" signed by counsel, stating that they had resolved their dispute and stipulated to withdrawal of their cross-motions.  (Doc #: 22.)  The Court entered a marginal "So ordered." entry on the document and formally withdrew the motions.  (Id.)  Paragraph 5.6 of the Settlement Agreement the parties executed that day stated:

> The Court before which the Action was previously pending shall have continuing jurisdiction to enforce the terms of this Agreement and to resolve any dispute between the Parties arising under or in connection with this Agreement.

(Doc #: 23-4.) The Court was not a signatory to the parties' Settlement Agreement, the parties did not ask the Court to retain jurisdiction over the Agreement, and the Court did not issue any document expressly stating that it retained jurisdiction over that Agreement. (Id.)

By Motion, Zoya contended that Paragraph 5.6 of the Settlement Agreement gave the Court continuing, and apparently perpetual, jurisdiction over the terms of that Agreement – which itself is open-ended. The sole case Zoya relied upon for this proposition was *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). There, the Supreme Court held that, if parties wish to provide for the court's jurisdiction to enforce a dismissal-producing settlement agreement, they can ask the court to make the parties' compliance with the terms of the agreement, or the court's retention of jurisdiction over the agreement, part of its order. *Id*. Absent such action, enforcement of the settlement agreement is a contractual matter for the state courts unless there is some independent basis for federal jurisdiction. *Id*.

Julep argued that the Motion was procedurally improper because the case was dismissed with prejudice over two years ago, and the Court did not expressly retain jurisdiction over the parties' second and final agreement which forms the basis for Zoya's Motion. According to Julep, a federal court's jurisdiction over a settlement agreement "cannot exist by mere consent of the parties," citing *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272 (11th Cir. 2012). Thus, Julep continued, the fact that the final order resolving the case omitted the express language that the Court retained jurisdiction was dispositive.

The Court held a teleconference with counsel on October 16, 2014. At that time, the Court noted that, when it mediated the first settlement in January 2012, the Court and the parties agreed that the Court would retain jurisdiction over that settlement agreement. However, the

Settlement Agreement the parties ultimately reached in May 2012 was significantly different than the January agreement.  For example, the monetary payment alone was dramatically different ($25,000 in the first agreement vs. $111,100 in the second agreement), and the first agreement mentioned <u>nothing</u> about the requirement that Julep maintain at least five "category" names, one of which must adjoin the female names.  It is this last term which forms the basis for the relief requested in Zoya's Motion.  The Court observed that the minutes entry memorializing the second agreement said nothing about the Court retaining jurisdiction over that agreement.  And, although there is no Sixth Circuit case on point, it is clear that federal courts are courts of limited jurisdiction, and parties cannot create continuing federal jurisdiction over settlement agreements on their own.  *Kokkonen*, 511 U.S. at 381-82.  So, the Court concluded, Paragraph 5.6 of the Settlement Agreement, which purports to confer upon the Court perpetual jurisdiction over the terms of that Agreement, is ineffective.  The Court notes that, even if it had expressly retained jurisdiction over the second agreement, such jurisdiction would extend only to the execution (and consummation) of the written agreement memorializing the parties' orally agreed-upon terms – not perpetual monitoring by the Court over the agreement's terms indefinitely.

For these reasons, the Court **DENIED** Plaintiff's Motion to Enforce Settlement (**Doc #: 23**).[2]

**IT IS SO ORDERED.**

                                             */s/ Dan A. Polster    October 17, 2014*
                                             **Dan Aaron Polster**
                                             **United States District Judge**

---

[2] In its response brief, Julep contended that Zoya's Motion was premature, as the parties had not reached an impasse in their discussions.  The Court strongly suggested that the attorneys and parties resolve this matter without expending further judicial resources.